Craig K. Perry, Esq.
Nevada Bar No. 3786
**CRAIG K. PERRY & ASSOCIATES**
8010 W. Sahara Avenue, Suite 260
Las Vegas, Nevada 89117
T: (702) 228-4777
F: (702) 943-7520 Fax
info@1stoplawfirm.com

*Attorney for Plaintiff*

UNITED STATES OF AMERICA

DISTRICT OF NEVADA

| | |
|---|---|
| Millie Phung Shiu<br><br>                    Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC,<br><br>                    Defendant. | Case No.:<br><br><br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.<br><br>JURY DEMAND |

Plaintiff, Millie Phung Shiu ("Plaintiff"), by and through her attorney of record, Craig K. Perry, Esq. of the law firm of Craig K. Perry & Associates, and for her claims for relief against Defendant Equifax Information Services LLC, complains and alleges as follows:

**JURISDICTION AND VENUE**

1.      This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.      This court has jurisdiction over this matter under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      This court also had supplemental jurisdiction over state law claims pursuant to 15 U.S.C § 1367.

4.      The Defendant regularly conducts business and has a principal office in Clark County, Nevada.

5.      Under 28 U.S.C. § 1391(b) and (c), venue in this District is proper because either the Plaintiff and/or Defendant reside and/or do business in the District of Nevada, a substantial part of the events or omissions giving rise to the claim occurred in the District of Nevada, or the entities with capacity to be sued are deemed residents because the Defendants are subject to the court's personal jurisdiction with respect to this civil action.

## PARTIES

6.      Plaintiff is an adult individual presently living in the State of Nevada.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8.      Defendant Equifax Information Services LLC ("Equifax") is a Georgia corporation, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and one of three national consumer reporting agencies.

## FACTUAL ALLEGATIONS

9.      Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

10.     In September 2017, Equifax reported that it sustained a data breach that lasted from mid-May through July, 2017.

11.     According to Equifax, sensitive personal data of approximately 143 million American consumers was exposed in its data breach.

12.     Concerned and wanting to know the types of information Equifax maintained in her consumer file that could have been exposed, on or about March 15, 2018, Millie Shiu sent a letter to Equifax requesting disclosure of all information in her consumer file, pursuant to 15 U.S.C. § 1681g(a).

13.      Ms. Shiu's letter was delivered to Equifax by way of United States Postal Service,

certified mail, return receipt requested, and signed for on March 19, 2018.

14.     Equifax did not respond to Ms. Shiu's request or in a timely fashion.

15.     Equifax's (a) failure to respond and (b) failure to provide a disclosure of all of the information in her consumer file constitute violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

16.     Because of Defendants' actions and/or inactions, Plaintiff has sustained concrete and particularized injuries.

17.     Because of Defendants' conduct, Plaintiff has suffered and continues to suffer actual damages, including emotional distress in the form of mental pain, anguish, anxiety and frustration.

18.     The acts and/or omissions of Defendant and the other persons or entities employed as agents by Defendant were committed within the scope of their agency relationship with the principal.

19.     The acts and omissions of Defendant and the other persons or entities referenced in this Complaint were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by Defendant.

20.     By committing these acts and omissions against Plaintiff, Defendant and these other persons or entities were motivated to benefit their principal.

21.     Therefore, Defendant is liable to Plaintiff under the doctrine of Respondeat Superior for the intentional and/or negligent acts, errors, and omissions performed in violation of state and federal law by its employees, including but not limited to violations of the FCRA.

22.     It has been necessary for Plaintiff to obtain the services of an attorney to pursue this claim, and Plaintiff is entitled to recover attorney's fees and costs therefor.

## **FIRST CLAIM FOR RELIEF**

### **Violations of the Fair Credit Reporting Act, 15, U.S.C. § 1681g**

23.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

24.     Section 1681g(a) of the Fair Credit Reporting Act ("FCRA") requires that every consumer reporting agency shall, upon request, clearly and accurately disclose to a consumer all information in the consumer's file.

25.     Defendant violated 15 U.S.C. § 1681g by failing to provide the Plaintiff, Millie Shiu, all of the information in her consumer file.

26.     The acts and/or omissions of Equifax, were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

27.     Alternatively, Equifax was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

28.     As a direct and proximate result of the above-referenced violations by Defendant Equifax, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

29.     Plaintiff is entitled to recover costs and attorney's fees from these Equifax in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n or § 1681o.

30.     Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff that have not yet been uncovered and are therefore not specified in this Complaint, and could remain unknown until Plaintiff is able to obtain a copy of all of the information her consumer file.

31.     Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

### Failure to Respond, in Violation of 15 U.S.C. 1681 et seq.

32.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

33.     The FCRA requires that Equifax respond to consumer inquiries that are not frivolous, and in a timely fashion.

34.     Equifax failed to acknowledge or respond to Plaintiff's request or in a timely fashion.

35.     The acts and/or omissions of Equifax, were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

36.     Alternatively, Equifax was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

37.     As a direct and proximate result of the above-referenced violations by Defendant Equifax, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

38.     Plaintiff is entitled to recover costs and attorney's fees from these Equifax in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n or § 1681o.

39.     Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff that have not yet been uncovered and are therefore not specified in this Complaint, and could remain unknown until Plaintiff is able to obtain a copy of all of the information her consumer file.

40.     Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or present evidence of the same at the time of trial.

## THIRD CLAIM FOR RELIEF

**Request for Mandamus or Performance of a Statutory Duty, 15 U.S.C § 1681g(a)**

41.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

42.     As a consumer reporting agency, Equifax is entitled to collect, pursuant to 15 U.S.C. § 1681a(d)(1) "any written, oral, or other communication of any information…bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." Pursuant to Section 1681d(d)(4), Equifax could also obtain information about a consumer "through a personal interview with a neighbor, friend, or associated of the consumer or with another person with whom the consumer is acquainted or who has knowledge of such item of information[.]"

43.     As a consumer reporting agency, Equifax is permitted to prepare "consumer" reports" utilizing the information it gathers as set forth in the preceding paragraph.

44.     Because of the various types of "consumer reports" that a consumer reporting agency can prepare per the FCRA, the credit report that a consumer obtains when it requests a copy of her or his "credit file" could represent only a portion of what a consumer reporting agency like Equifax collects and stores in its consumer files.

45.     According to Equifax, it offers a range of various consumer reports for sale to users concerning consumers about whom it collects information.

46.     The consumer reports Equifax generates about consumers from the information it collects and stores are not necessarily the same as the credit reports provided to consumers upon request.

47.     Plaintiff made a request for all information in her consumer file, which is not the same as requesting a copy of a consumer credit report.

48.     Plaintiff is an aggrieved party who has a legal right to require that Equifax perform its statutory obligation after she requested all of the information in her consumer file, pursuant to 15 U.S.C. § 1681g(a).

49.     Defendant Equifax has a legal and nondiscretionary duty to comply with the mandates of 15 U.S.C. § 1681g.

50.     Plaintiff is entitled to obtain from Equifax a copy of all information in her consumer file, pursuant to 15 U.S.C. § 1681g(a), not merely a credit report routinely generated for consumers.

51.     Plaintiff requests that Equifax be required to disclose all of the information held by Equifax in her consumer file as required by 15 U.S.C. § 1681g(a).

**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff Millie Shiu makes a demand for trial by jury in this case as issues relating to all Causes of Action.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays for judgment as follows:

(1)     An award of actual damages

(2)     An award of statutory damages;

(3)     An award of punitive damages;

(4)    An award of reasonable attorney's fees, costs of suit and interest;

(5)    The granting of mandamus and requiring Equifax to disclose all of the information in Plaintiff's consumer file; and

(6)    For such other relief as the Court may deem proper.

Dated: October 5, 2018.

CRAIG K. PERRY & ASSOCIATES

By /s/  Craig K. Perry
Craig K. Perry, Esq.
Attorney for Plaintiff